Raymond E. Nellis v. Commissioner.
Nellis v. Commissioner
Docket No. 46959.
United States Tax Court
T.C. Memo 1955-50; 1955 Tax Ct. Memo LEXIS 292; 14 T.C.M. (CCH) 170; T.C.M. (RIA) 55050; February 28, 1955
*292 Deficiencies determined in the taxable income of taxpayer engaged in business as a bookmaker, approved for failure of proof of error. Charles W. Slicer, Esq., Gas & Electric Building, Dayton, Ohio, for the petitioner. John C. Calhoun, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined the following deficiencies in income tax and penalties: Deficiencies
Penalties
Year
Tax
Sec. 293(a)
Sec. 294(d)
1949
$5,204.45
$260.22
$855.13
1950
3,466.55
173.33
557.05 The year 1948 was eliminated from consideration by agreement of the parties, leaving in issue only the years 1949 and 1950. Findings of Fact Petitioner was a resident of Dayton, Ohio, during the taxable years 1949 and 1950. He was an equal owner with Fisher (now deceased) in the partnership of Fisher and Nellis and was engaged chiefly in the bookmaking business at 321 West Third Street, Dayton, during the two years in issue. The petitioner also operated at the same address a small cigar store. In each year the petitioner filed individual returns and informational returns were filed by the partnership *293 with the collector of internal revenue for the first district of Ohio. The partnership did not maintain a bank account, and, with but few exceptions, paid all winning wagers and current operating expenses by cash from a "bank roll" maintained by the partnership. When bets were placed, a slip was prepared showing the bettor's initials and the amount of the bet, etc. These slips were tallied the following day, and, after the result had been transcribed to a record book, the slips were destroyed for the purpose of removing possible evidence of local law violation. The daily slip tabulating procedure involved adding up the day's wins to reach a total win figure and a similar statement of the losses to reach a total loss amount. If the day's wins exceeded the losses, the income was reported in the record book; if the contrary were true, a loss was recorded for the day. The sole records of the partnership, other than its tax returns, consisted of the above referred to record book. The daily gross receipt figures were not recorded in the book, nor were there any supporting records or data kept. Additional figures contained in the book under appropriate headings are certain other *294 expenditures commonly associated with the bookmaking business such as cost of forms, wire service and fines, along with general business expenses, such as supplies, insurance and utilities. At the close of the year, the book records a computation of the total of the net wins diminished by the net loss total to reach a "net income" figure. The record book does not set forth the yearly gross receipts, a statement of the capital account, relative partnership interests, wages paid to employees, cash withdrawals of the partners, rental payments for the premises and only occasional or trifling entries in connection with the operation of the cigar store. To the above "net income" figure was added an amount of other income which the partnership derived from rental property to reach a "total net income." The total net income on the partnership return is then diminished by a list of operating expenses, some of which are contained in the record book while others are not contained therein. Daily wagering losses were not considered in the computation of operating expenses nor did such amount include fines. The following table of deductions was conceded by respondent to be allowable: *295 1949
1950
Rent
$5,100.00
$5,100.00
Wages
2,795.00
3,297.82
Insurance
91.93
87.76
Personal Property Tax
24.64
21.11
Total
$8,011.57
$8,506.69
The partnership returns show the following: 1949
1950
Net income
$19,616.75
$19,642.10
Other income
2,000.00
2,750.00
$22,616.75
$22,392.10
Operating expenses
14,090.77
14,967.32
Net gain
$ 7,525.98
$ 7,424.78 For each year the petitioner using the above figures reported in his individual return his one-half distributive share. The respondent, in determining the deficiencies, disallowed the operating expenses of the partnership for each of the two years due to lack of substantiation. The respondent has also disallowed each of the daily net loss figures which the book reports as having occurred during the two year period for the same reason, i.e., lack of substantiating proof. For the year 1949, this disallowance amounts to $17,155.50 and for 1950, $7,710.55. Consequent on the partial disallowance of the claimed operating expenses and the daily net loss figures, respondent determined a deficiency for both years, together with a negligence penalty under section 293(a) *296 and a penalty for substantial underestimation of tax under section 294(d) of the 1939 Code. Opinion VAN FOSSAN, Judge: The question here presented is the substantiation of deductions and alleged losses. Also in issue are the penalties. Petitioner contends that the records of the partnership accurately and adequately reflect income and that the expenses and losses are deductible. We cannot agree. The record book, which constituted petitioner's sole record, is wholly inadequate to permit verification of petitioner's income or of his expenses or of his alleged losses. Respondent did not reconstruct petitioner's income, he merely disallowed certain deductions and alleged losses. The burden of proof of error rested on petitioner throughout the case. This burden he has not carried. If he had substantiation of the items it was his duty to produce it. The cases on which petitioner relies do not support him on the present facts. The record book here is similar to that found in Jack Showell, 23 T.C. 495 (December 16, 1954). The holding of the Court was that such a record, absent detailed testimony as to specific items, was insufficient to support petitioner's claim. We make *297 the same holding here. The record before us is wholly inadequate to justify decision in petitioner's favor and judgment must be given against him. As to the penalties, no evidence specifically directed to them was produced and they must be affirmed for failure of proof of error. Decision will be entered under Rule 50.